Derrick J. O'Neill ISB 4021
JONES ♦WILLIAMS ♦FUHRMAN ♦GOURLEY, P.A.
The 9th & Idaho Center
225 N. 9th Street, Suite 820
P.O. Box 1097
Boise, ID 83701
Telephone: (208) 331-1170
Facsimile: (208) 331-1529
Email: doneill@idalaw.com

Attorneys for Craig Cunningham

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In the matter of: Tenesita M. Kinikini and Myla Lynnette Kinikini<br><br>Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:  19-00134-TLM<br><br>**Chapter 7** |

### MOTION TO TERMINATE STAY AND RULE 4001.2 NOTICE

COMES NOW Craig Cunningham ("CREDITOR"), by and through his counsel of

record, Jones ♦Williams ♦Fuhrman ♦ Gourley, P.A.  and, pursuant to the Federal Rules

of Bankruptcy and Local Bankruptcy Rule 4001.2, respectfully moves the court to modify

the 11 U.S.C. § 362 stay to permit CREDITOR to foreclose its judgment lien against the

real property commonly known as 8338 E. Gallatin Dr. Nampa, Idaho (the "Property"):

In support of said motion, CREDITOR respectfully represents:

1.  On or about July 16th, 2018, Creditor obtained a judgment against Debtor

Danster Kinikini, also known as Tenesita M. Kinikini ("Debtor") in the United States District

Court for the Middle District of Tennessee and in the amount of $249,000.00 together with

interest thereafter.  An abstract of that judgment was entered in the Third Judicial District

**MOTION TO TERMINATE STAY AND RULE 4001.2 NOTICE- PAGE 1**

Court for Canyon County on August 8th, 2018 and recorded in the mortgage records of

Canyon County on August 8th, 2019 as instrument No. 2018-035105. An Amended

Abstract of Judgment was entered on September 24th, 2018 and recorded on October

12th, 2018 as instrument No. 2018-045723.  A true and correct copy of the Amended

Abstract of Judgment is attached hereto as **Exhibit A**.

2.   CREDITOR caused to be issued to the Sheriff of Canyon County and writ to be

executed against the Property.  A notice of Sheriff's sale was issued to sell the property

<u>subject to any homestead interest of Debtors.</u> A copy of the notice of Sheriff's sale is

attached hereto as **Exhibit B.**

3.   According to Debtor's schedule, there is a senior lien against the property in the

amount of approximately $110,000.00.  The debtor also claims a homestead exemption of

$100,000.00.   CREDITOR has obtained a BPO which places the property value at

$285,000.00.  A copy of the BPO is attached hereto as **Exhibit C.**

4.   Beyond the statutory homestead exemption, Debtors do not have any equity in

the Property and there is no equity in the Property for the bankruptcy estate.  The Property

is not necessary to an effective reorganization.

WHEREFORE, CREDITOR asks the court to enter its order terminating, annulling,

or otherwise modifying the automatic stay pursuant to 11 U.S.C. § 362 (d)(2) to allow

CREDITOR ton continue the Sheriff's sale of the Property, subject to Debtors homestead

exemption.

This motion is made and based upon the records and files in this action.

CREDITOR respectfully requests the court waive the fourteen (14) day stay provided for

pursuant to F.R.B.P. 4001(a)(3).

## RULE 4001.2 NOTICE

NOTICE IS HEREBY GIVEN THAT CREDITOR has filed a motion with this Court for an Order granting it relief from the automatic stay.

Please take notice that pursuant to Local Bankruptcy Rule 4001.2 of the Local Bankruptcy Rules, and subject to FED. R. BANKR. P. 9006, any party in interest opposing the motion must file and serve an objection to the motion <u>not later than seventeen (17) days after the date of service of the motion</u>. The objection shall specifically identify those matters contained in the motion that are at issue and any other basis for opposition to the motion. **<u>Absent the filing of a timely objection, the court may grant the relief sought without a hearing.</u>** In addition, as required by Local Bankruptcy Rule 4001.2(d)(3), if an objection is filed to this motion, the objection must be served upon the movant and upon all parties receiving service of the motion. In accordance with Local Bankruptcy Rule 4001.2(e)(1), any party opposing a motion for stay relief must contact the court's calendar clerk to schedule a preliminary hearing. At the time of filing the objection to a motion, the objecting party shall file and serve a notice of such hearing.

In addition, pursuant to Local Bankruptcy Rule 4001.2 and 11 U.S.C. § 362(e), thirty (30) days after a request under 11 U.S.C. §362 (d) for relief from the stay of any act against property of the estate under 11 U.S.C. §362(a), such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section.

**MOTION TO TERMINATE STAY AND RULE 4001.2 NOTICE- PAGE 3**

DATED this 14th day of February, 2019.

JONES ♦WILLIAMS ♦FUHRMAN ♦GOURLEY, P.A.


By _____ /s/ Derrick J. O'Neill _____
            Derrick J. O'Neill
            Attorneys for Craig Cunningham

**MOTION TO TERMINATE STAY AND RULE 4001.2 NOTICE- PAGE 4**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of February, 2019, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF System which sent a Notice of Electronic Filing to the following persons:

| |
|---|
| dara@parkerlaw.pl |
| Noah G. Hillen- ngh@hillenlaw.com |
| U.S. Trustee – ustp.region18.bs.edf@usdoj.gov |

Additionally, I certify that the following listed non-registered CM/ECF participants were served a copy of the foregoing by first class mail, postage prepaid, addressed to:

| |
|---|
| Tenesita M. Kinikini<br>Myla Lynnette Kinikini<br>8338 E. Gallatin Dr.<br>Nampa, ID  83687 |

/s/ Derrick J. O'Neill
Derrick J. O'Neill